**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2005 JUL 19 PH 3:58

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF TEXAS SYSTEM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:05-CV-00198 |
| | ) | |
| ALCATEL, | ) | |
| AMOI ELECTRONICS, INC., | ) | |
| ANEXTEK GLOBAL INC., | ) | |
| ARIMA COMMUNICATION CORP., | ) | |
| AUDIOVOX COMMUNICATIONS CORP., | ) | |
| CHI MEI COMMUNICATION SYSTEMS, | ) | |
| INC., | ) | |
| COMPAL COMMUNICATIONS, INC., | ) | |
| CURITEL COMMUNICATIONS, INC., | ) | |
| GIZMONDO EUROPE LTD., | ) | |
| HAIER GROUP CO., | ) | |
| HAIER AMERICA IMPORT L.L.C., | ) | |
| HAIER AMERICA TRADING L.L.C., | ) | |
| HON HAI PRECISION INDUSTRY CO., | ) | |
| LIMITED, | ) | |
| RESEARCH IN MOTION LIMITED, | ) | |
| RESEARCH IN MOTION CORP., | ) | |
| SHARP CORPORATION, a.k.a. | ) | |
| SHARP KABUSHIKI KAISHA, | ) | |
| SYNNEX CORP., | ) | |
| TCL COMMUNICATION | ) | |
| TECHNOLOGY HOLDINGS LIMITED, | ) | |
| TCL & ALCATEL MOBILE PHONES LTD., | ) | |
| TIGER TELEMATICS, INC., | ) | |
| TOSHIBA AMERICA, INC., | ) | |
| TOSHIBA AMERICA ELECTRONIC | ) | |
| COMPONENTS, INC., | ) | |
| VK CORPORATION, | ) | |
| VK MOBILE USA, INC., AND | ) | |
| UTSTARCOM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

42/43

AUDIOVOX COMMUNICATIONS   )
 CORPORATION       )
               )
    Third-Party Plaintiff,   )
               )
    v.           )
               )
TOSHIBA CORPORATION,    )
CURITEL COMMUNICATIONS INC.,  )
HIGH TECH COMPUTER CORPORATION, )
SHARP COMMUNICATIONS,    )
WISTRON CORPORATION,    )
               )
    Third-Party Defendants.   )

## DEFENDANT AUDIOVOX COMMUNICATION CORP.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, CROSS COMPLAINT, AND THIRD-PARTY COMPLAINT

### ANSWER

COMES NOW defendant Audiovox Communications Corp. ("ACC") and answers the Second Amended Complaint of Plaintiff Board of Regents of the University of Texas System ("Board of Regents") as follows, all allegations not expressly admitted below being denied.

### The Parties

1. ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

2. ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3. ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

4.      ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

5.      ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

6.      ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

7.      ACC admits that it is a Delaware corporation having a principle place of business at Hauppauge, New York 11788.  ACC admits that it is a nonresident of Texas, does not maintain a regular place of business in the state, and does not maintain a designated agent for service of process in the state.  ACC also admits that prior to the divestment of all relevant assets on November 1, 2004, ACC introduced products into the stream of commerce in the United States with knowledge that such products would be sold in Texas.  As to the remaining allegations, ACC lacks information sufficient to form a belief as to the truth thereof and therefore denies the remaining allegations

8.      ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

9.      ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

10.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

11.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

12.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

13.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

14.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

15.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

16.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

17.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

18.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

19.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

20.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

21.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

22.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

23.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

24.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

25.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

26.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

27.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

28.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.


## Jurisdiction and Venue

29.     ACC admits the jurisdiction of the United States District Courts over actions for patent infringement pursuant to 35 U.S.C. §271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

30.     As to the claims asserted against it, ACC admits that it is subject to personal jurisdiction in this district and denies the remaining allegations relevant to it.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations

31.     As to the claims asserted against it, ACC admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d).  As to the remaining allegations asserted against it, ACC denies these allegations.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## Patent Infringement

32.     ACC repeats the denials and admissions in paragraphs 1-31 as though fully set forth herein.

33.     ACC acknowledges that Plaintiff, Board of Regents is identified as the assignee on the cover page of United States Patent No. 4,674,112 ("the '112 Patent") which bears an issue date of June 16, 1987.  ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the remaining allegations.

34.     ACC admits that Exhibit A to the Second Amended Complaint purports to be a copy of the '112 Patent which bears the title, "Character Pattern Recognition and Communications Apparatus."  ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the remaining allegations.

35.     ACC denies the allegations.

36.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

37.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

38.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

39.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

40.     ACC denies all acts of infringement of the '112 patent, both past and continuing.  As to the other defendant, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

41.     ACC denies all acts of infringement of the '112 patent, both past and continuing.

42.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

43.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

44.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

45.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

46.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

47.     ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

48.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

49.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

50.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

51.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

52.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

53.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

54.    ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

55.    ACC denies all acts of infringement of the '112 patent, both past and continuing.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

56.    ACC denies all acts of infringement of the '112 patent, both past and continuing, and any liability to Board of Regents.  As to the other defendants, ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

57.     ACC denies all acts of infringement of the '112 patent, both past and continuing, and any harm to Board of Regents or entitlement of Board of Regents to an injunction. ACC lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## Defenses

### FIRST DEFENSE

58.     ACC has not infringed (either literally or under the doctrine of equivalents), actively induced infringement, or contributorally infringed any valid and enforceable claim of the '112 Patent.

### SECOND DEFENSE

59.     The '112 Patent is invalid and/or unenforceable for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code §101 *et  seq.*

### THIRD DEFENSE

60.     Board of Regents' claims are barred by reason of Board of Regents' conduct under the doctrines of laches, acquiescence and/or estoppel.

### FOURTH DEFENSE

61.     Board of Regents' claim for damages, if any, is limited by 35 U.S.C. § 286 and/or § 287.

## PRAYER FOR RELIEF

WHEREFORE, ACC prays that:

(1)     this Court dismiss the Complaint against ACC with prejudice;

(2)     this Court award ACC its costs, including reasonable attorneys fees and all of its expenses for defending this civil action; and

(3)     this Court award other and such further relief as this Court may deem proper.

## CROSS COMPLAINT AND THIRD-PARTY COMPLAINT

Cross-Plaintiff and Third-Party Plaintiff Audiovox Communications Corp. ("ACC"), through counsel, hereby complains of Toshiba Corporation ("Toshiba"), Curitel Communications, Inc. ("Curitel"), High Tech Computer Corporation ("HTC"), Sharp Corporation ("Sharp") and Wistron Corporation ("Wistron") as follows:

### Nature of the Action

62.    This is an action by ACC against the Cross-Defendants Curitel and Sharp, and Third-Party Defendants Toshiba, HTC, and Wistron under contracts of indemnification against the claim of infringement of the '112 Patent asserted in this civil action against ACC by Board of Regents of the University of Texas System ("Board of Regents").

## The Parties

63.   ACC is a corporation organized and existing under the laws of the State of Delaware having a place of business in Hauppauge, New York.

64.   On information and belief, Toshiba is an alien corporation having a place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, Japan.

65.   On information and belief, Curitel is an alien corporation having a place of business at Peungwha Seocho Bldg. 1451-34, Seocho-dong, Seocho-gu, Seoul 137-070, Korea.

66.   On information and belief, HTC is an alien corporation having a place of business at 23 Hua Road, Taoyuan, Taiwan, R.O.C.

67.   On information and belief, Sharp is an alien corporation having a place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan.

68.   On information and belief, Wistron is an alien corporation having a place of business at 21F, 88, Sec 1, Hsin Wu, Hsichi, Taipei Hsein 221, Taiwan, R.O.C.

## Jurisdiction And Venue

69.   Board of Regents brought this Civil Action No. 1:05-CV-00198 against ACC asserting liability for infringing the '112 Patent, which liability has been denied by ACC.

70.   This action arises under the patent laws and involves a common nucleus of operative facts and/or the same transaction and occurrence as the claim asserted by Board

11

of Regents against ACC.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 and 1367.

71.     Toshiba conducts business in Texas and has introduced the products accused by Board of Regents to infringe the '112 Patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Texas.  Venue is proper under 28 U.S.C. § 1391.

72.     Curitel conducts business in Texas and has introduced the products accused by Board of Regents to infringe the '112 Patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Texas.  Venue is proper under 28 U.S.C. § 1391.

73.     HTC conducts business in Texas and has introduced the products accused by Board of Regents to infringe the '112 Patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Texas.  Venue is proper under 28 U.S.C. § 1391.

74.     Sharp conducts business in Texas and has introduced the products accused by Board of Regents to infringe the '112 Patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Texas.  Venue is proper under 28 U.S.C. § 1391.

75.     Wistron conducts business in Texas and has introduced the products accused by Board of Regents to infringe the '112 Patent in the stream of commerce in the United States knowing that such products would be sold by ACC in Texas.  Venue is proper under 28 U.S.C. § 1391.

## COUNT 1

**BREACH OF WARRANTY OF TITLE AND NON-INFRINGEMENT**

76.     ACC repeats and realleges each and every allegation contained in paragraphs 62-75 of this Cross Complaint And Third-Party Complaint as if fully set forth herein.

77.     Toshiba, Curitel, HTC, Sharp and Wistron sold to ACC all of the alleged products sold by ACC and accused by Board of Regents of infringing the '112 Patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-312 that provides that New York law shall apply.

78.     Toshiba, Curitel, HTC, Sharp and Wistron are merchants regularly dealing in goods of the kind of the products accused by Board of Regents to infringe the '112 Patent within the meaning of N.Y. U.C.C. Law § 2-312.

79.     Toshiba, Curitel, HTC, Sharp and Wistron have warranted to ACC that the products sold to ACC would be free of any claim of patent infringement.

80.     While ACC has denied and does deny that it has infringed the '112 Patent and/or that it is in any way liable to Board of Regents, Toshiba, Curitel, HTC, Sharp and Wistron have breached their warranty of title and freedom from a claim of patent infringement.

## COUNT II

## BREACH OF WARRANTY OF MERCHANTABILITY

81.     ACC repeats and realleges each and every allegation contained in paragraphs 62-80 of this Cross Complaint And Third-Party Complaint as if fully set forth herein.

82.     Toshiba, Curitel, HTC, Sharp and Wistron sold to ACC all of the alleged products sold by ACC and accused by Board of Regents of infringing the '112 Patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-314 that provides that New York law shall apply.

83.     Toshiba, Curitel, HTC, Sharp and Wistron are merchants regularly dealing in goods of the kind of the products accused by Board of Regents to infringe the '112 Patent within the meaning of N.Y. U.C.C. Law § 2-314.

84.     Toshiba, Curitel, HTC, Sharp and Wistron have warranted to ACC that the products sold to ACC would be delivered in a merchantable condition.

85.     While ACC has denied and does deny that it has infringed the '112 Patent and/or that it is in any way liable to Board of Regents, Toshiba, Curitel, HTC, Sharp and Wistron have breached their warranty of merchantability.

## COUNT III

**BREACH OF WARRANTY OF FITNESS FOR PARTICULAR PURPOSE**

86.     ACC repeats and realleges each and every allegation contained in paragraphs 62-85  of this Cross Complaint And Third-Party Complaint as if fully set forth herein.

87.     Toshiba, Curitel, HTC, Sharp and Wistron sold to ACC all of the alleged products sold by ACC and accused by Board of Regents of infringing the '112 Patent under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-315 that provides, inter alia, that New York law shall apply.

88.     Toshiba, Curitel, HTC, Sharp and Wistron are sellers and ACC is a buyer within the meaning of  N.Y. U.C.C. Law § 2-315.

89.     At the time of the sale of the accused products to ACC, Toshiba, Curitel, HTC, Sharp and Wistron had reason to know, and knew, the particular purpose for which ACC purchased the accused products.

90.     At the time of the sale of the accused products to ACC, Toshiba, Curitel, HTC, Sharp and Wistron warranted to ACC that the products sold to ACC would be delivered fit for the particular purpose for which purchased by ACC.

91.     While ACC has denied and does deny that it has infringed the '112 Patent and/or that it is in any way liable to Board of Regents, Toshiba, Curitel, HTC, Sharp and Wistron have breached their warranty of fitness for a particular purpose.

## COUNT IV

### INDEMNITY

92.     ACC repeats and realleges each and every allegation contained in paragraphs 62-91 of this Cross Complaint And Third-Party Complaint as if fully set forth herein.

93.     Toshiba, Curitel, HTC, Sharp and Wistron sold to ACC all of the alleged products sold by ACC and accused by Board of Regents of infringing the '112 Patent.

94.     At all relevant times, Toshiba, Curitel, HTC, Sharp and Wistron are and have been obligated to indemnify and hold harmless ACC from and against all claims of patent infringement.

95.     While ACC has denied and does deny that it has infringed the '112 Patent and/or that it is in any way liable to Board of Regents, Toshiba, Curitel, HTC, Sharp and Wistron have breached their obligation to defend and hold harmless.

### PRAYER FOR RELIEF

WHEREFORE, ACC prays that this Court enter a judgment in favor of ACC and against Toshiba, Curitel, HTC, Sharp and Wistron as to all of the accused products sold by them to ACC:

A.     declaring that they have breached their warranty of title and non-infringement;

B.     declaring that they have breached their warranty of merchantability;

C.     declaring that they have breached their warranty of fitness for a particular purpose;

D.      declaring that Toshiba, Curitel, HTC, Sharp and Wistron are liable to ACC

to indemnify and hold ACC harmless from and against any claims or

demands of Board of Regents arising from infringement of the '112 Patent;

E.      awarding to ACC its attorney fees and costs incurred in defending against

Board of Regents in the action for patent infringement;

F.      awarding to ACC its attorney fees and costs incurred in bringing and

prosecuting this third-party action;

G.      awarding to ACC all sums that may be adjudicated against ACC in favor of

Board of Regents in the action for patent infringement, including without

limitation, any interest thereon; and

H.      awarding ACC such other and further relief as this Court may deem proper.


Respectfully submitted,

**ALLENSWORTH  AND PORTER, L.L.P.**


W. Wade Porter
State Bar No. 16156700
620 Congress Avenue, Suite 100
Austin, TX 78701
512.708.1250 (Telephone)
512.708.0519 (Facsimile)


17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to all counsel of record noted below on this the 19th day of July, 2005:

CERTIFIED MAIL
Barry D. Burgdorf, Esq.
Vice Chancellor and General Counsel
The University of Texas System
Office of General Counsel
201 West 7th Street, 6th Floor
Austin, TX 78701

CERTIFIED MAIL
Michael W. Shore
Shore Chan LLP
Republic Center
325 North Saint Paul Street, 44th Floor
Dallas, TX 75201

INTERNATIONAL AIRMAIL
Mr. Serge Tchuruk
Chairman & CEO
Alcatel
54, rue La Boetie
75008 Paris
France

FIRST CLASS MAIL
Mr. Michael Quigley, CEO
Alcatel USA, Inc.
3400 West Plano Parkway
Plano, Texas 75075

FIRST CLASS MAIL
Mr. Yanlong Huan~ President
AmOi Electronics, Inc.
17588 Rowland Street, Suite A 106
City of Industry, California 91748

INTERNATIONAL AIRMAIL
President & CEO
AnexTEK Global, Inc.
16F, No. 82, Sec., HsinTai WuRd.
Hsichih, Taipei Hsien, Taiwan

INTERNATIONAL AIRMAIL
Mr. Owen Chen, President
Arima Communication Corp.
6F, No. 886, Thong-Jheng Road
Jhong-He City, Taipei County, Taiwan

INTERNATIONAL AIRMAIL
Mr. Calvin Chih, President
Chi Mei Communication Systems, Inc.
11F, No. 39, Chung Hwa Road, Sec. 1
Taipei 100, Taiwan

INTERNATIONAL AIRMAIL
Mr. Ray Chen, President & CEO
Compal Communications, Inc.
3rd FL, No. 319, Sec. 4 Pa-Teh Rd.
Taipei, (105) Taiwan

INTERNATIONAL AIRMAIL
Mr. Moon S. Song, CEO
Curitel Communications, Inc.
Peungwha Seocho Building 1451-34
Seocho-Go, Seoul 137-070
Korea

INTERNATIONAL AIRMAIL
Mr. Steve Carroll, CEO
Gizmondo Europe, Ltd.
I Meadow Gate Avenue
Farnborough Business Park
Farnborough, GUI46FG
United Kingdom

INTERNATIONAL AIRMAIL
Mr. Zhang Ruimin, CEO
HaierGroup Co.
I Haier Road, Hi-Tech Zone
Qingdao, Shandong 266101
China

18

FIRST CLASS MAIL
Mr. Michael Jemal, President
Haier America Import L.L.C.
1356 Broadway
New York, New York 10018

FIRST CLASS MAIL
Mr. Michael Jemal, President
Haier America Trading L.L.C.
1356 Broadway
New York, New York 10018

INTERNATIONAL AIRMAIL
Mr. Tai-Ming Gou, CEO
Hon Hai Precision Industry Co., Ltd.
2 Tzu Yu St.
Tu-Cheng City, Taipei, Taiwan

INTERNATIONAL AIRMAIL
Mr. Michael Lazardis
President, Co-CEO and Director
Research in Motion Limited
295 Philip Street
Waterloo, Ontario N2L 328
Canada

FIRST CLASS MAIL
Mr. James Balsillie, President
Research in Motion Corp.
25227 Grogan Mill Road, Suite 125
The Woodlands, Texas 77380

INTERNATIONAL AIRMAIL
Mr. Katsuhiko Machida, President
Shaip Corporation, ak.a.
Sharp Kabushiki Kaisha
22-22 Nagaike-cho
Abeno-ku, Osaka 545-8522
Japan

FIRST CLASS MAIL
Mr. Robert Huang
President, CEO & Director
Synnex Corp.
44201 Nobel Drive
Fremont, California 94538

INTERNATIONAL AIRMAIL
Mr. Wan Mingjian, CEO
TCL Communication Technology Holdings
Limited
Room 1502,Tower 6
China Hong Kong City
33 Canton Road
Tsimshatsui, Kowloon
Hong Kong, China

INTERNATIONAL AIRMAIL
Mr. Wan Mingjian, CEO
TCL & Alcatel Mobile Phones Limited
Room 1502, Tower 6
China Hong Kong City
33 Canton Road
Tsimshatsui, Kowloon
Hong Kong, China

FIRST CLASS MAIL
Mr. Michael W. Carrender, CEO
Tiger Telematics, Inc.
10201 Centurion Parkway North, Suite 600
Jacksonville, Florida 32256

INTERNATIONAL AIRMAIL
Yi, Cheol Sang, President
YK Corporation
67 Jije-dong Pyongtaek-City
Kyonggi-do 450-090
Republic of Korea

FIRST CLASS MAIL
Mr. Chul Won Seung, President
VK Mobile USA, Inc.
9 Executive Cr., Suite 290
Irvine, California 92614

FIRST CLASS MAIL
Mr. Hideo Ito, Chief Executive Officer
Toshiba America, Inc.
1251 Avenue of the Americas
41st Floor
New York, New York 10020

FIRST CLASS MAIL
Mr. Takeaki Fukuyama, President & CEO
Toshiba America Electronic Components, Inc.
19900 MacArthur Blvd., Suite 400
Irvine, California 92612

FIRST CLASS MAIL
Mr. Hong Liang Lu, CEO
UTStarcom, Inc.
1275 Harbor Bay Parkway
Alameda, California 94502

W. Wade Porter