IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUG 1 2 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
     DEPUTY CLERK

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. A:05CA198 SS |
| ALCATEL, ET AL., | § § | JURY DEMANDED |
| *Defendants.* | § § § | |

**PLAINTIFF'S PRELIMINARY RESPONSE TO VK MOBILE USA, INC'S MOTION TO DISMISS, AND ALTERNATIVE MOTION FOR DISCOVERY AND FOR EXTENSION OF TIME TO MORE FULLY RESPOND**

TO THE HONORABLE JUDGE SAM SPARKS:

Plaintiff The Board of Regents of The University of Texas System ("The Board of Regents") respectfully submits this Preliminary Response to VK Mobile USA, Inc.'s ("VK Mobile") Motion to Dismiss [Docket No. 48]. The Board of Regents believes this response presents facts sufficient to make a *prima facie* showing that the Court possess personal jurisdiction over VK Mobile and venue is proper in this Court. However, if the Court finds that the facts developed thus far are not sufficient, The Board of Regents, in the alternative, respectfully requests that the Court permit narrowly limited jurisdiction and venue discovery, and grant The Board of Regents an opportunity to supplement this response.

## I. INTRODUCTION

The Board of Regents sued VK Mobile and its parent corporation VK Corp. for patent infringement. VK Mobile and VK Corp. refused to waive formal service of process. Such refusal was in contravention of VK Mobile's duties under Federal Rule of Civil Procedure 4(d).

VK Mobile was served with process on May 5, 2005. VK Corp. is currently being served in Korea through the Hague Convention. Despite this lack of cooperation, The Board of Regents agreed to extend VK Mobile's answer date several times. Now, more than three months after being served with process in this suit, VK Mobile asserts that personal jurisdiction is lacking and that venue is improper. However, not once during its numerous conversations and e-mail correspondence discussing settlement and seeking more time to answer did VK Mobile raise these issues. (App. at 197.)

## II. ARGUMENT AND AUTHORITIES

A court has personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits service of process and the assertion of personal jurisdiction does not violate due process. *Auto Wax Co. v. Kasei Kogyo Co.*, No. A-00-531-SS, 2001 WL 1891719, at *2, 65 U.S.P.Q.2d 1315 (W.D. Tex. Sept. 26, 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). Because the Texas long-arm statute is coextensive with the limits of due process, the Court need only determine whether jurisdiction comports with due process. *Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990)).

Because this case involves patent infringement, the Court must follow Federal Circuit precedent in analyzing the due process requirement. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Under Federal Circuit law, a defendant's sale of an infringing product is sufficient to subject the defendant to personal jurisdiction in the venue where the device was sold. *Crystal Semiconductor Corp. v. Opti, Inc.*, No. 97-CA—026-SS, 1997 WL 798357, at *5, 44 U.S.P.Q.2d 1497 (W.D. Tex. July 14, 1997) (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994), *cert. dismissed*, 512 U.S. 1273 (1994)).

Further, Federal Circuit law provides that jurisdiction over an out-of-state defendant comports with due process if: (1) the defendant "purposefully directed" its activities at residents of the forum; (2) the claim "arises out of or relates to" the defendant's activities with the forum; and (3) the assertion of personal jurisdiction is "reasonable and fair." *Auto Wax*, 2001 WL 1891719, at *2 (citing *Akro*, 45 F.3d at 1545). The Federal Circuit has also adopted the "stream of commerce" theory for evaluating whether a defendant "purposefully directed" its activities at residents in a forum such that personal jurisdiction is appropriate. *Finck Cigar Co. v. El Duque Group, Inc.*, No. CIVASA-99-CA-0817-EP, 1999 WL 33290620, at *3 (W.D. Tex. Oct. 29, 1999) (citing *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). A defendant who places products in the stream of commerce using a "regular distribution channel" with knowledge that its products are headed for a forum state is subject to personal jurisdiction in that forum state. *Id.*

Similarly, Federal Circuit law also controls on matters concerning venue. *Crystal Semiconductor*, 1997 WL 798357, at *2 (citing *Beverly Hills Fan*, 21 F.3d at 1564-65). Under Federal Circuit law, venue is proper if the court has personal jurisdiction over the defendant. *Crystal Semiconductor*, 1997 WL 798357, at *2 (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed. Cir. 1990), *cert. denied*, 499 U.S. 922 (1991)).

As this Court has recognized, the Federal Circuit also endorses a no-hearing procedure, like that authorized in the Fifth Circuit, which permits a plaintiff to establish personal jurisdiction by presenting facts sufficient to make a *prima facie* showing. *Auto Wax*, 2001 WL 1891719, at *2; *see also Taylor v. Ishida Co.*, No. 3:02-CV-0402-D, 2002 WL 1268028, at *2 (N.D. Tex. 2002 May 31, 2002). In deciding whether a plaintiff makes a *prima facie* showing of

personal jurisdiction, the Court "must accept as true [plaintiff's] uncontroverted allegations; moreover, any conflicts are to be resolved in [plaintiff's] favor." *Id.*

A.   THE FACTS CONTRADICT VK MOBILE'S JURISDICTION AND VENUE ARGUMENTS.

The factual record is sufficient to make a *prima facie* showing that specific jurisdiction and venue over VK Mobile are proper in this Court.  As detailed below, VK Mobile: (1) has purposefully directed activity at the State of Texas by offering to sell and actually selling infringing mobile phone devices directly to residents in Austin, Texas; and (2) has placed infringing mobile phone devices in the stream of commerce using a regular distribution channel with the knowledge that its mobile phone devices were headed to the State of Texas, and the Western District of Texas, in particular.  Because VK mobile has purposefully availed itself of the privilege of doing business in Texas, it should reasonably expect to be haled into court in Texas and, therefore, this Court's exercise of jurisdiction over VK Mobile is reasonable and fair.  Further, because this Court has personal jurisdiction over VK Mobile, venue is also proper.

The Board of Regents' claim for patent infringement arises from VK Mobile's offering for sale, selling, and importing mobile phone devices within and into the United States, including its VK 530 and VK 900 mobile phone devices.  In objecting to personal jurisdiction, VK Mobile states that "it has not yet begun business operations and has no contacts with or business in the State of Texas."  Motion to Dismiss at 2-3.  VK Mobile makes these claims even though VK Mobile's mobile phone devices are readily available in the United States and VK Mobile was incorporated in California with the express purposes of "distributing and marketing of mobile telephone devices."  Motion to Dismiss, Affidavit of Seong Hee Youn at ¶4.

This Court has specific jurisdiction over VK Mobile because it has purposefully directed infringing activity at the State of Texas.  VK Mobile offered to sell and actually sold an

infringing VK 530 mobile phone device to a resident of Texas, in Austin, Texas, through its agent and sole distributor in North America, InfoSonics Corp. ("InfoSonics"). (App. at 32, 73-86, 198.) VK Mobile's agent, InfoSonics, made the infringing sale directly through its website at www.infosonics.com. (App. at 32, 73-86, 198-199.) Selling such infringing mobile phone devices and causing direct harm to the patentee, The Board of Regents, is sufficient to subject VK Mobile to personal jurisdiction in this Court. *Crystal Semiconductor*, 1997 WL 798357, at *5 ("Federal Circuit recently held as a matter of law in patent infringement cases that 'the situs of the injury is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee,' *i.e.,* the place of the infringing sales.") (quoting *Beverly Hills Fan*, 21 F.3d at 1571).

For the purposes of personal jurisdiction, the action of an agent may be attributed to the principal. *Flores v. A.C. Inc.*, No. EP-02-CA-0200-DB, 2003 WL 1566507, at *7 (W.D. Tex. Mar. 5, 2003) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 n. 22 (1985)). Mr. Cheol-Sang Yi, one of VK Mobile's executive officers, has been quoted in the press as stating: "InfoSonics [VK Mobile's exclusive United States distributor] continues to present the VK Mobile products to its **established sales channels** both **in the United States** and Latin America." (App. at 54, 60, 198-199 (emphasis added).) Mr. Cheol-Sang Yi has also stated: "The VK 530 is the first of three models we [VK Mobile and InfoSonics] will be introducing to the United States . . . this year [2005]. . . . By combining Infosonics' value added capabilities with our leading product lines; we will be able to expand our market share in many U.S. . . . markets for this product line and additional products in the future." (App. at 62, 199.) Mr. Cheol-Sang Yi's statements show that VK Mobile has designated InfoSonics as its sole agent for sale of VK mobile phone devices in the United States. Accordingly, this Court's exercise of

specific personal jurisdiction over VK Mobile is proper because VK Mobile, through its agent InfoSonics, has purposefully directed activity at the State of Texas by offering to sell and actually selling infringing mobile phone devices directly to residents in Austin, Texas.

VK Mobile has also placed infringing mobile phone devices in the stream of commerce using a regular distribution channel with the knowledge that its mobile phone devices were to be offered for sale and sold to persons located in the State of Texas. One of VK Mobile's executive officers, as noted above, admits to using InfoSonics' "established sales channels" in the United States. (App. at 54, 60, 62, 198-199.) InfoSonics itself proclaims to be "one of the largest distributors of wireless handsets in the United States." (App. at 60, 62, 198-199.) Numerous articles document the VK Mobile – InfoSonics "partnership's" aggressive efforts to use this "regular distribution channel" to expand their market share throughout the United States, which would include the State of Texas. (App. at 54, 60-69, 198-199.) For example, there are at least six infringing VK mobile phone devices, including the VK 530 and VK 900, which have been licensed with the United States Federal Communications Commission for use throughout the United States, including the State of Texas. (App. at 87-196, 199.) All six of these VK mobile phone devices have been accused of infringing the asserted The Board of Regents patent. But with respect to Texas, VK Mobile takes an ostrich-like posture, claiming that they do no business in Texas, apparently assuming that Texas remains an independent republic and not one of the greatest of our United States. Motion to Dismiss at 2-3.

VK Mobile has been well aware that through its regular distribution channels it has been directing infringing mobile phone devices to Texas. VK mobile phone devices are available from numerous retailers that will ship infringing VK mobile phone devices to customers in Texas and the Western District of Texas, in particular. (App. at 29-53, 198.) In fact, on March 30,

2005, a Texas resident purchased an infringing VK 900 mobile phone device from a New York-based retailer, over its internet website at www.mobilebee.com, which was shipped directly to Austin, Texas. (App. at 29-31, 198.) VK Mobile was made aware of these offers for sale and actual sales in the State of Texas prior to its filing of the Motion to Dismiss. (App. at 197-198.)

In addition, the InfoSonics website at www.infosonics.com offers VK mobile phone devices for sale and those advertisements are available to residents in Texas. Moreover, on August 9, 2005, another Texas resident purchased an infringing VK 530 mobile phone device directly from InfoSonics through its website. (App. at 32, 73-86, 198-199.) Further, VK Mobile, through InfoSonics, has established service centers here in Texas as part of its regular distribution channels in efforts to serve Texas residents. (App. at 71-72, 199.) VK Mobile chose InfoSonics as its exclusive United States distributor and sales agent because of its established sales channels throughout the United States, including Texas. Accordingly, this Court has specific jurisdiction over VK Mobile because VK Mobile has placed infringing mobile phone devices in the stream of commerce using a regular distribution channel with the knowledge that its mobile phone devices were headed to the State of Texas. *Finck*, 1999 WL 33290620, at *3; *Viam*, 84 F.3d at 427.

Because VK Mobile has purposefully availed itself of the privilege of doing business in Texas, it should reasonably expect to be haled into court in Texas and, therefore, this Court's exercise of jurisdiction over VK Mobile is reasonable and fair. "In determining reasonableness, courts balance the burden on the defendant, the interests of the forum state in adjudicating the case, and the plaintiff's interest in obtaining relief." *Auto Wax*, 2001 WL 1891719, at *3. As a California corporation, the burden on VK Mobile is minimal. (App. at 57-59, 198.) The distance for VK Mobile to travel to Texas is not great; and there are no issues with language

barriers or unfamiliarity with the legal process. On the other hand, the interest of The Board of Regents in protecting its intellectual property rights is great. Further, as an arm of the State of Texas, this Court's interest in adjudicating the case are also great. Accordingly, jurisdiction over VK Mobile is reasonable and fair.

These facts are sufficient to make a *prima facie* showing that specific jurisdiction and venue over VK Mobile are proper in this Court. Further, because this Court has personal jurisdiction over VK Mobile, venue is also proper. *Crystal Semiconductor*, 1997 WL 798357, at *2; *VE Holding*, 917 F.2d at 1583-84.

### B. IN THE ALTERNATIVE, THE BOARD OF REGENTS SEEKS NARROWLY CRAFTED DISCOVERY ON THE JURISDICTIONAL AND VENUE ISSUES.

The Board of Regents considers this response to present facts sufficient to make a *prima facie* showing that personal jurisdiction and venue over VK Mobile are proper in this Court. However, if the Court finds that this response is not sufficient, The Board of Regents, in the alternative, respectfully requests that the Court allow it to obtain discovery on the jurisdiction and venue issues raised by VK Mobile's Motion to Dismiss, and grant The Board of Regents an extension of time to supplement this response to the Motion to Dismiss.

It is well established that the district court should give the plaintiff an opportunity to discover jurisdictional facts so it can establish jurisdiction and venue over the defendant. *See Toys "R" Us v. Step Two*, 318 F.3d 446, 456 (3d Cir. 2003) ("Although the Plaintiff bears the burden of demonstrating facts that support personal jurisdiction, . . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous'") (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir. 2002) ("Because the Plaintiff has

'demonstrate[d] that it can supplement its jurisdictional allegations through discovery, . . . jurisdictional discovery is justified.'") (citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000)). The Board of Regents has prepared a set of document requests directed at VK Mobile regarding the jurisdictional and venue issues, as well as deposition notices for the depositions of corporate representatives of VK Mobile, and of Seong Hee Youn, the affiant in the affidavit attached to VK Mobile's Motion to Dismiss, all of which are attached as Exhibit 1. (App. 1-28.) The Board of Regents requests that the Court require VK Mobile to respond to the document requests within thirty (30) days from the date of service, present the witnesses for depositions within fifteen (15) days from the date of their responses, and extend the time by which The Board of Regents must file a Response to the Motion to Dismiss to fifteen (15) days from the date of the final deposition.

### III. CONCLUSION

The Court should deny VK Mobile's Motion to Dismiss because, for the reasons detailed above, personal jurisdiction and venue over VK Mobile are proper in this Court. If the Court finds that this response is insufficient, The Board of Regents asks the Court to allow it to serve the document requests and deposition notices attached as Exhibit 1 on VK Mobile, and to require VK Mobile to respond to the document requests within thirty (30) days from the date of service. Further, The Board of Regents asks the Court to require VK Mobile to present the witnesses for depositions within fifteen (15) days from the date of their responses, and to extend the time by which VK Mobile must file a Response to the Motion to Dismiss to fifteen (15) days from the date of the final deposition.

Dated August 11, 2005               Respectfully submitted,

_____
MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408
GERALD B. HRYCYSZYN
State Bar No. 24043734
SHORE CHAN L.L.P.
REPUBLIC CENTER
325 N. St. Paul Street, 44th Floor
Dallas, Texas 75201
tel. 214.743.4180
fax 214.743.4179

ATTORNEYS FOR PLAINTIFF
BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM

BARRY BURGDORF
State Bar No. 03376500
THE UNIVERSITY OF TEXAS SYSTEM,
OFFICE OF GENERAL COUNSEL
201 West 7th Street, 6th Floor
Austin, Texas 78701
tel. 512.499.4462
fax. 512.499.4523

OF COUNSEL FOR PLAINTIFF
BOARD OF REGENTS OF THE UNIVERSITY
OF TEXAS SYSTEM

## CERTIFICATE OF CONFERENCE

    I hereby certify that counsel for Plaintiff The Board of Regents of The University of Texas System spoke with counsel for Defendant VK Mobile USA, Inc. on August 11, 2005 regarding this Motion. Counsel for Defendant VK Mobile USA, Inc. could not agree to the relief sought in the Motion so it is submitted to the Court for determination.

_____
Gerald B. Hrycyszyn

\*　\*　\*　\*　\*

## CERTIFICATE OF SERVICE

    I hereby certify that on this date a true and correct copy of the **PLAINTIFF'S PRELIMINARY RESPONSE TO VK MOBILE USA, INC'S MOTION TO DISMISS, AND ALTERNATIVE MOTION FOR DISCOVERY AND FOR EXTENSION OF TIME TO MORE FULLY RESPOND** was served in compliance with the Federal Rules of Civil Procedure to the following counsel of record via the method indicated.

**INTERNATIONAL AIRMAIL**
Mr. Serge Tchuruk, Chairman & CEO
Alcatel
54, rue La Boetie
75008 Paris France

**FIRST CLASS MAIL**
Amoi Electronics, Inc.
c/o Ms. Domino Wang
Law Offices of Domino Wang
223 East Valley Boulevard-Suite A
Alhambra, California 91801

**INTERNATIONAL AIRMAIL**
Mr. Alex Kuo, President & CEO
AnexTEK Global, Inc.
16F, No. 82, Sec. 1, Hsin Tai Wu Rd.
Hsichih, Taipei Hsien, Taiwan

**INTERNATIONAL AIRMAIL**
Mr. Owen Chen, President
Arima Communication Corp.
6F, No. 886, Jhong-Jheng Road
Jhong-He City, Taipei County, Taiwan

**FIRST CLASS MAIL**
Audiovox Communications Corp.
c/o D. Joseph English
Duane Morris LLP
1667 K Street, NW-Suite 700
Washington, D.C., 2006

**INTERNATIONAL AIRMAIL**
Chi Mei Communication Systems, Inc.
c/o Cabrach Connor
Dewey Ballantine, LLP
401 Congress Ave., Suite 3200
Austin, Texas 78701

**INTERNATIONAL AIRMAIL**
Mr. Ray Chen, President & CEO
Compal Communications, Inc.
3rd Fl., No. 319, Sec. 4 Pa-Teh Rd.
Taipei, (105) Taiwan

**INTERNATIONAL AIRMAIL**
Mr. Moon S. Song, CEO
Curitel Communications, Inc.
Peungwha Seocho Building 1451-34
Seocho-Go, Seoul 137-070 Korea

**INTERNATIONAL AIRMAIL**
Mr. Zhang Ruimin, CEO
Haier Group Co.
1 Haier Road, Hi-Tech Zone
Qingdao, Shandong 266101 China

**FIRST CLASS MAIL**
Haier America Import LLC & Haier America Trading LLC
c/o Richard A. Rohan
Carrington Coleman Sloman & Blumenthal, LLP
200 Crescent Court-Suite1500
Dallas, Texas 75201

**INTERNATIONAL AIRMAIL**
Mr. Tai-Ming Gou, CEO
Hon Hai Precision Industry Co., Ltd.
2 Tzu Yu St.
Tu-Cheng City, Taipei, Taiwan

**FIRST CLASS MAIL**
Sharp Corp.
c/o Pierre Yanney
Darby & Darby
805 Third Avenue
New York, New York 10022

**FIRST CLASS MAIL**
Synnex Corp.
c/o Mark J. Danielson
Pillsbury Winthrop Shaw Pittman
2475 Hanover Street
Palo Alto, California 94304-1114

**INTERNATIONAL AIRMAIL**
Mr. Wan Mingjian, CEO
TCL Communication Technology Holdings Limited
Room 1502, Tower 6
China Hong Kong City
33 Canton Road
Tsimshatsui, Kowloon
Hong Kong, China

**INTERNATIONAL AIRMAIL**
Mr. Wan Mingjian, CEO
TCL & Alcatel Mobile Phones Limited
Room 1502, Tower 6
China Hong Kong City
33 Canton Road
Tsimshatsui, Kowloon
Hong Kong, China

**FIRST CLASS MAIL**
UTStarcom, Inc.
c/o Kevin P. B. Johnson
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive-Suite 568
Redwood Shores, California 94065

**INTERNATIONAL AIRMAIL**
Yi, Cheol Sang, President
VK Corporation
67 Jije-dong Pyongtaek-City
Kyonggi-do 450-090
Republic of Korea

**FIRST CLASS MAIL**
VK Mobile USA Inc.
c/o Hae-Chan Park
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215

Date _August 11, 2005_    Gerald B. Hrycyszyn