FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2005 SEP 29  AM 8: 06

CLE...
WESTE...  ...URT
...  ...TEXAS
BY_____

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § | |
| PLAINTIFF, | § § | **Case No.: A-05-CA-198 SS** |
| -AGAINST- | § § | |
| ALCATEL, ALCATEL USA, INC., AMOI ELECTRONICS, INC., ANEXTEK GLOBAL INC., ARIMA COMMUNICATION CORP., AUDIOVOX COMMUNICATIONS CORP., CHI MEI COMMUNICATION SYSTEMS, INC., COMPAL COMMUNICATIONS, INC., CURITEL COMMUNICATIONS, INC., GIZMONDO EUROPE, LTD., HALER GROUP CO., HAIER AMERICA IMPORT L.L.C., HAIER AMERICA TRADING L.L.C., HON HAI PRECISION INDUSTRY CA, LTD., RESEARCH IN MOTION LIMITED, RESEARCH IN MOTION CORP., SHARP CORPORATION, a.k.a. SHARP KABUSHIKI KAISHA, SYNNEX CORP., TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL & ALCATEL MOBILE PHONES LIMITED, TIGER TELEMATICS, INC., TOSHIBA AMERICA, INC., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., VK. CORPORATION, VK MOBILE USA, INC., AND UTSTARCOM, INC. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | JURY DEMANDED |
| DEFENDANTS. | § § | |

## DEFENDANT TCL & ALCATEL MOBILE PHONES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant TCL & Alcatel Mobile Phones Limited ("T&A")[1], by and through its undersigned attorneys, answer the Second Amended Complaint (the "Complaint") of the Plaintiff, the Board of Regents of the University of Texas System ("The University of Texas"), for itself as follows:

## I.    THE PARTIES

1.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies those allegations.

2.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies those allegations.

3.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies those allegations.

4.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies those allegations.

5.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies those allegations.

6.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies those allegations.

---

[1]    As of August 26, 2005, TCL & Alcatel Mobile Phones Limited changed its name to T&A Mobile Phones.

7.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies those allegations.

8.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies those allegations.

9.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies those allegations.

10.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies those allegations.

11.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies those allegations.

12.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies those allegations.

13.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies those allegations.

14.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies those allegations.

15.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies those allegations.

16.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies those allegations.

17.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies those allegations.

18.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies those allegations.

19.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies those allegations.

20.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies those allegations.

21.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies those allegations.

22.    Admitted that T&A was a joint venture between TCL Holdings and Alcatel incorporated in Hong Kong, that T&A is a non-resident of Texas who does not maintain a regular place of business in Texas or a designated agent for service of process in Texas.  It is also admitted that T&A has its principal place of business at Room 1502, Tower 6, China Hong Kong City, 33 Canton Road, Tsim sha tsui, Kowloon, Hong Kong. The remaining allegations set forth in paragraph 22 of the Complaint are denied.

23.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies those allegations.

24.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies those allegations.

25.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies those allegations.

26.    T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies those allegations.

27.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies those allegations.

28.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies those allegations.

## II.     JURISDICTION AND VENUE

29.     T&A admits that The University of Texas purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, and that this Court has jurisdiction over this action under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

30.     As to the other named defendants in this action, T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 30 of the Complaint, and on that basis denies those allegations.  T&A does not contest personal jurisdiction solely for the purpose of this action, but otherwise denies the allegations in paragraph 30.

31.     T&A does not contest venue solely for the purpose of this action, but otherwise denies the allegations in paragraph 31.

## III.     ALLEGED PATENT INFRINGEMENT

32.     T&A repeats and realleges the allegations in paragraph 1 through 31 as though fully set forth herein.

33.     T&A admits that United States Patent No. 4,674,112 (the "'112 patent") issued on June 16, 1987. T&A denies any remaining allegations set forth in paragraph 33 of the Complaint.

34.     Admitted.

35.     Denied.

36.     Denied.

37.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 37 of the Complaint, and therefore denies those allegations.

38.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 38 of the Complaint, and therefore denies those allegations.

39.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 39 of the Complaint, and therefore denies those allegations.

40.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 40 of the Complaint, and therefore denies those allegations.

41.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 41 of the Complaint, and therefore denies those allegations.

42.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 42 of the Complaint, and therefore denies those allegations.

43.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies those allegations.

44.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 44 of the Complaint, and therefore denies those allegations.

45.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 45 of the Complaint, and therefore denies those allegations.

46.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 46 of the Complaint, and therefore denies those allegations.

47.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 47 of the Complaint, and therefore denies those allegations.

48.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 47 of the Complaint, and therefore denies those allegations.

49.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 49 of the Complaint, and therefore denies those allegations.

50.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 50 of the Complaint, and therefore denies those allegations.

51.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 51 of the Complaint, and therefore denies those allegations.

52.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 52 of the Complaint, and therefore denies those allegations.

53.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 53 of the Complaint, and therefore denies those allegations.

54.     T&A is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 54 of the Complaint, and therefore denies those allegations.

55.     Denied.

56.     Denied.

57.     Denied.

### IV.    PRAYER FOR RELIEF

T&A denies that The University of Texas is entitled to any of the relief sought in paragraphs A through G following the unnumbered "Prayer for Relief" paragraph, or any other relief whatsoever sought in the Complaint.

## V.    JURY DEMAND

T&A respectfully requests that the Court enter judgment against The University of Texas and grant it no relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every allegation considered separately fail to state a cause of action against T&A upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

T&A has not directly or indirectly infringed, contributed to the infringement of, infringed through the doctrine of equivalents, or otherwise, nor induced others to infringe any valid claim of the '112 patent.

### THIRD AFFIRMATIVE DEFENSE

The '112 patent is invalid for failure to meet one or more of the requirements set forth in 35 U.S.C. §§101 and/or 102.

### FOURTH AFFIRMATIVE DEFENSE

The '112 patent is invalid because it fails to meet the requirements for patentability set forth in 35 U.S.C. § 103.

### FIFTH AFFIRMATIVE DEFENSE

The '112 patent is invalid because it fails to meet the requirements for patentability set forth in 35 U.S.C. § 112.

### SIXTH AFFIRMATIVE DEFENSE

The '112 patent is unenforceable against T&A, in whole or in part, under the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The '112 patent is unenforceable against T&A, in whole or in part, under the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The University of Texas has waived any rights it may have had for relief from the Court.

### NINTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office during prosecution of the application for the '112 patent, specifically the admissions, representations, and amendments made on behalf of applicant(s) for such patent, Plaintiff is estopped from asserting any construction and/or scope of the claims of the '112 patent that would cover any products or methods of T&A.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief and prayer for damages are limited by its failure to comply with the requirements of 35 U.S.C. §287.

### REQUEST FOR RELIEF

T&A respectfully request that this Court:

A.    Dismiss the Complaint of the University of Texas;

B.    Declare the '112 patent not infringed by T&A;

C.    Declare the '112 patent invalid;

D.    Declare the '112 patent unenforceable;

E.    Declare that this is an exceptional case under 35 U.S.C. § 285;

F.    Award T&A its costs, reasonable attorneys' fees, and disbursements (including expert fees) incurred in this action; and

G.    Enter such other and further relief as the Court deems just and proper.

September 28, 2005          Respectfully Submitted,

By: _____

DIAMOND MCCARTHY TAYLOR FINLEY BRYANT & LEE LLP
William T. Reid IV
State Bar No. 00788817
P. Jason Collins
State Bar No. 24040711
6504 Bridgepoint Pkwy, Ste. 400
Austin, TX 78732
T: (512) 617-5216
F: (512) 617-5299

ORRICK, HERRINGTON & SUTCLIFFE LLP
Robert A. Cote (*Pro Hac Vice* Application Pending)
Roger Sadler (*Pro Hac Vice* Application Pending)
666 Fifth Avenue
New York, NY 10103
T: (212) 506-5000
F: (212) 506-5151

ATTORNEYS FOR DEFENDANT TCL & ALCATEL MOBILE
PHONES LIMITED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record set forth below and the original upon the Clerk of Court on this the 28th day of September, 2005.

CERTIFIED MAIL
Michael W. Shore
Alfonso Garcia Chan
Shore Chan LLP
Republic Center
325 North St. Paul Street, Ste. 4400
Dallas, TX 75201

CERTIFIED MAIL
Edwin Smith, Esq.
The University of Texas System
Office of General Counsel
201 West 7th Street, 6th Floor
Austin, TX 78701

INTERNATIONAL AIRMAIL
Mr. Serge Tchuruk
Chairman & CEO
Alcatel
54, rue La Boetie
75008 Paris
FRANCE

FIRST CLASS MAIL
Mr. Michael Quigley, CEO
Alcatel USA, Inc.
3400 West Piano Parkway
Plano, TX 75075

FIRST CLASS MAIL
Mr. Yanlong Huang - President
AmOi Electronics, Inc.
17588 Rowland Street, Suite A106
City of Industry, CA 91748

INTERNATIONAL AIRMAIL
President & CEO
AnexTEK Global, Inc.
16F, No. 82, Sec., HsinTai WuRd.
Ilsichih, Taipei Hsien
TAIWAN

INTERNATIONAL AIRMAIL
Mr. Owen Chen, President
Arima Communication Corp.
6F, No. 886, Thong-Jheng Road
Jhong-He City, Taipei County, TAIWAN

FIRST CLASS MAIL
W. Wade Porter
Alensworth & Porter, LLP
620 Congress Avenue, Suite 100
Austin, TX 78701

Attorney for Audiovox Communications Corp.

INTERNATIONAL AIRMAIL
Mr. Calvin Chih, President
Chi Mci Communication Systems, Inc.
11F, No. 39, Chung Hwa Road, Sec. 1
Taipei 100, TAIWAN

INTERNATIONAL AIRMAIL
Mr. Ray Chen, President & CEO
Compal Communications, Inc
3rd FL, No. 319, Sec. 4 Pa-Teh Rd.
Taipei, (105) TAIWAN

INTERNATIONAL AIRMAIL
Mr. Moon S. Song, CEO
Curitel Communications, Inc.
Peungwha Seocho Building 1451-34
Seocho-Go, Seoul 137-070
KOREA

INTERNATIONAL AIRMAIL
Mr. Steve Carroll, CEO
Gizmondo Europe, Ltd.
I Meadow Gate Avenue
Famborough Business Park
Farnborough, GUI46FG
UNITED KINGDOM

FIRST CLASS MAIL
Mr. Michael Jemal, President
Haier America Import L.L.C.
1356 Broadway
New York, NY 10018

INTERNATIONAL AIRMAIL
Mr. Tai-Ming Gou, CEO
Hon Hai Precision Industry Co., Ltd.
2 Tzu Yu 81.
Tu-Cheng City, Taipei, TAIWAN

FIRST CLASS MAIL
Ramya Ravindran
Jared E. Hedman
Linda S. Resh
Craig D. Leavell
Kirkland & Ellis
200 E. Randolph Drive
Chicago, IL 60601

Attorneys for Research in Motion Ltd.

INTERNATIONAL AIRMAIL
Mr. Michael Lazardis
President, Co-CEO and Director
Research in Motion Limited
295 Philip Street
Waterloo, Ontario N2L 328
CANADA

FIRST CLASS MAIL
Mr. James Balsillie, President
Research in Motion Corp.
25227 Grogan Mill Road, Suite 125
The Woodlands, TX 77380

INTERNATIONAL AIRMAIL
Mr. Katsuhiko Machida, President
Shaip Corporation, ak.a.
Sharp Kabushiki Kaisha
22-22 Nagaike-cho
Abeno-ku, Osaka 545-8522
JAPAN

INTERNATIONAL AIRMAIL
Mr. Zhang Ruimin, CEO
HaierGroup Co.
I Haier Road, Hi-Tech Zone
Qingdao, Shandong 266101
CHINA

FIRST CLASS MAIL
Mr. Michael W. Carrender, CEO
Tiger Telematics, Inc.
10201 Centurion Parkway North, Suite 600
Jacksonville, FL 32256

INTERNATIONAL AIRMAIL
Yi, Cheol Sang, President YK Corporation
67 Jije-dong Pyongtaek-City
Kyonggi-do 450-090
REPUBLIC OF KOREA

FIRST CLASS MAIL
Mr. Chul Won Seung, President
VK Mobile USA, Inc.
9 Executive Cr., Suite 290
Irvine, CA 92614

FIRST CLASS MAIL
Mr. Hideo Ito, Chief Executive Officer
Toshiba America, Inc.
1251 Avenue of the Americas
41st Floor
New York,NY 10020

FIRST CLASS MAIL
Mr. Takeaki Fukuyama, President & CEO
Toshiba America Electronic Components, Inc.
19900 MacArthur Blvd., Suite 400
Irvine, CA 92612

FIRST CLASS MAIL
Mr. Robert Huang President, CEO & Director
Synnex Corp.
44201 Nobel Drive
Fremont, CA  94538

FIRST CLASS MAIL
Mr. Richard A. Rohan
Mr. John Steven Torkelson
Carrington, Coleman, Sloman & Blumenthal, LLP
200 Crescent Court, Ste. 1500
Dallas, TX 75201

Attorneys for Haier America Import LLC and
Haier America Trading LLC

FIRST CLASS MAIL
Mr. Hong Liang Lu, CEO
UTStarcom, Inc.
1275 Harbor Bay Parkway
Alameda, CA  94502

_____
P. Jason Collins