IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2005 SEP 29  AM 8: 04

CLER... ... .. .. COURT
WESTE... ... ... OF TEXAS

BY_____

BOARD OF REGENTS OF THE UNIVERSITY OF
TEXAS SYSTEM,

        PLAINTIFF,

        -AGAINST-

**Case No.:  A-05-CA-198 SS**

ALCATEL, ALCATEL USA, INC.,
AMOI ELECTRONICS, INC.,
ANEXTEK GLOBAL INC.,
ARIMA COMMUNICATION CORP.,
AUDIOVOX COMMUNICATIONS CORP.,
CHI MEI COMMUNICATION SYSTEMS, INC.,
COMPAL COMMUNICATIONS, INC.,
CURITEL COMMUNICATIONS, INC.,
GIZMONDO EUROPE, LTD.,
HALER GROUP CO.,
HAIER AMERICA IMPORT L.L.C.,
HAIER AMERICA TRADING L.L.C.,
HON HAI PRECISION INDUSTRY CA, LTD.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORP.,
SHARP CORPORATION, a.k.a. SHARP
KABUSHIKI KAISHA,
SYNNEX CORP., TCL COMMUNICATION
TECHNOLOGY HOLDINGS LIMITED,
TCL & ALCATEL MOBILE PHONES LIMITED,
TIGER TELEMATICS, INC., TOSHIBA
AMERICA, INC., TOSHIBA AMERICA
ELECTRONIC COMPONENTS, INC.,
VK. CORPORATION, VK MOBILE USA, INC.,
AND UTSTARCOM, INC.

        DEFENDANTS.

---

### TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND REQUEST FOR HEARING

---

        Defendant TCL Communication Technology Holdings, Limited ("TCL") moves

pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss all claims

asserted by the Board of Regents of the University of Texas System ("Plaintiff") against TCL for lack of personal jurisdiction, and respectfully shows unto the Court the following:

## I. BACKGROUND

Plaintiff's most recent complaint in this matter, its Second Amended Complaint For Patent Infringement and Jury Demand filed May 6, 2005, purports to assert two claims against TCL: (i) infringement of United States Patent No. 4,674,112 (the "112 Patent"), and (ii) inducing and contributing to infringement of the 112 Patent.[1]  Specifically, Plaintiff asserts that TCL has been, and is currently, infringing and/or contributing to infringement of the 112 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the 112 Patent.[2]

Plaintiff alleges that TCL is subject to personal jurisdiction in this matter because: (i) it has "minimum contacts with the forum as a result of business conducted within the State of Texas and within the Western District of Texas; and (ii) because of its "conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Western District of Texas.[3]  Plaintiff makes false allegations on both counts, because TCL has never done any business in or directed at the state of Texas.  Therefore, the Court should dismiss all claims against TCL.

---

[1]     TCL makes no admission regarding the validity of Plaintiff's asserted claims against TCL in its Second Amended Complaint and reserves the right to contest all allegations and challenge the sufficiency of such claims pursuant to Rule 12(b)(6) or otherwise.

[2]     *See* Plaintiff's Second Amended Complaint for Patent Infringement and Jury Demand at ¶¶ 36, 55.

[3]     *See id.* at ¶ 30.

## II. ARGUMENT

Plaintiff bears the burden of establishing that this Court has personal jurisdiction over TCL.[4]   Plaintiff's bare assertion that TCL "engages in business in this state" is completely false, and it is impossible for Plaintiff to prove a sufficient nexus between TCL and Texas to successfully meet its burden.  Absent such showing by Plaintiff, there is no basis for the Court to exercise personal jurisdiction over TCL.[5]

There are two prerequisites to this Court's exercise of personal jurisdiction.[6]  First, Plaintiff must demonstrate that TCL purposefully established minimum contacts with the state of Texas.[7]  Put succinctly, Plaintiff is obligated to prove acts by TCL demonstrating a purpose to avail itself of the benefits and protections of Texas law, resulting in a substantial connection with the State.[8]  The demonstrated contacts must be significant enough to put a defendant on notice that it is subject to suit in Texas.[9]  Second, even if Plaintiff establishes minimum contacts, which TCL asserts is impossible, the Court's exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.[10]

With regard to minimum contacts, Plaintiff must show either (1) that TCL maintained continuous and systematic contacts with the forum state (the standard for

---

[4]     *See Nutrition Physiology Corp. v. Enviros Ltd.,* 87 F.Supp.2d 648, 650 (N.D. Tex. 2000); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996); *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994).

[5]     *See Tichenor v. Roman Catholic Church,* 32 F.3d 953, 961 (5th Cir. 1994).

[6]     *See Marathon Oil Co. v. Ruhrgas,* 182 F.3d 291, 294-95 (5th Cir. 1999) (noting that a constitutional analysis of personal jurisdiction requires minimum contacts and compliance with traditional notions of fair play and substantial justice).

[7]     *See Asahi Metal Ind. v. Superior Court,* 480 U.S. 102, 108-09 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)).

[8]     *See id.* at 109.

[9]     *See id.* at 110; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980) (holding that a defendant must "reasonably anticipate being haled into: a state's courts).

[10]     *See Asahi,* 480 U.S. at 113.

general jurisdiction) or (2) that TCL's purposeful contacts with the state gave rise to the cause of action (the standard for specific jurisdiction).[11] TCL lacks contacts with the state of Texas necessary to satisfy either standard.

## A. TCL is Not Subject to the General Jurisdiction of This Court.

Two cases have set the standard for judging general jurisdiction, *Helicopteros* and *Perkins v. Benguet Consolo Mining Co.,* 342 U.S. 437 (1952). The defendant in *Perkins* carried on a portion of its general business - holding directors' meetings, establishing the president's office, disbursing salaries, establishing bank accounts, maintaining company files, conducting correspondence, and managing the rehabilitation of the corporation's foreign property - in Ohio.[12] The Supreme Court found these pervasive contacts to constitute doing a portion of the defendant's regular business in the state and thus sufficient to justify exercising jurisdiction.[13] In contrast, *Helicopteros* provided a floor for evaluating the contacts necessary to exercise general jurisdiction. The defendant at issue in *Helicopteros* sent its chief executive to Texas to negotiate a contract, accepted checks drawn on a Texas bank, purchased helicopters, equipment, and training from a Texas company, and sent several individuals to Texas for training.[14] Despite the substantial contact with Texas and the significant amount of commerce involved, the court found no basis to exercise jurisdiction.[15] Unlike *Perkins,* the defendant in *Helicopteros* did not carry

---

[11]    *See Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).
[12]    *See Perkins,* 342 U.S. at 447-49.
[13]    *Id.*
[14]    *See Helicopteros,* 466 U.S. at 416.
[15]    *See Helicopteros,* 466 U.S. at 418-19; *Wenche Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179,181 (5th Cir. 1992) (analyzing *Helicopteros* and noting key points including the plaintiffs were not domiciled in Texas, the harm did not occur in Texas, and the alleged misconduct did not occur in Texas); *see*

on a portion of its general business in Texas—its contacts were not continuous and systematic.

Here, TCL falls far short of having the "continuous and systematic" contacts necessary to support Texas jurisdiction. Unlike even the defendant in *Helicopteros*, TCL does not conduct business within the State of Texas, nor has it ever conducted business in the State of Texas.[16] TCL does not have any offices, regular places of business, employees, or property in the State of Texas.[17] Finally, TCL does not, and has not, engaged in making, using, selling, offering to sell, or importing any products in or into the United States, including the State of Texas, and it does not advertise or promote its products or services in the State of Texas.[18] This absence of contact with the state precludes a finding of general jurisdiction over TCL.[19]

**B.      TCL is Not Subject to the Specific Jurisdiction of This Court.**

There is also an insufficient connection between TCL and the State of Texas when the Plaintiff's allegations are viewed specifically. Exercising specific jurisdiction requires "virtually a direct link between the claim and the contacts."[20] Plaintiffs must show that that TCL: (i) purposely directed its activities at residents of the State of Texas, (ii) that this

---

*also Luna v. Compania Panamena de Aviacion, S.A.,* 851 F. Supp. 826,833 (S.D. Tex. 1994) (listing extensive contacts with Texas that did not sufficiently support general jurisdiction).

[16]      *See* Ex. A., Declaration of Chambers Wong at ¶ 3.

[17]      *See id.* at ¶¶ 4-5.

[18]      *See id.* at ¶¶ 7-9.

[19]      *See Asahi,* 480 U.S. at 112-13; *Helicopteros,* 466 U.S. at 411-12; *Felch v. Transportes Lar-Mex SA de Cv,* 92 F.3d 320,329 (5th Cir. 1996) (quoting *Arkwright Mut. Ins. v. Transportes de Nuevo Laredo,* 879 F. Supp. 699 (S.D. Tex. 1994).

[20]      *Luna,* 851 F. Supp. at 832 (S.D. Tex. 1994) (quoting *Kervin v. Red River Sid Area, Inc.,* 711 F. Supp. 1383, 1389-90 (E.D. Tex. 1989)).

litigation results from injuries that arose from those activities, and (iii) that the assertion of jurisdiction over TCL comports with fair play and substantial justice.[21]

It is impossible for Plaintiff to prove any of these prerequisites to specific jurisdiction given that TCL has never conducted business in the State of Texas.[22]  None of the purported malfeasance alleged against TCL could have occurred in Texas because TCL has not engaged in making, using, selling, offering to sell, or importing any products in or into the State of Texas or otherwise advertised or promoted its products or services in the State of Texas.[23]  There is no link between Texas and the accusations against TCL, resulting in insufficient contacts to support jurisdiction.[24]  TCL never sought the benefits or protection of Texas law.  Accordingly, exercising personal jurisdiction over TCL would violate due process.[25]

### III. CONCLUSION

TCL did not purposefully seek the benefit of Texas law, do business in Texas, or engage in continuous or systematic contacts with Texas.  It is impossible for Plaintiff to meet its burden to demonstrate this Court's personal jurisdiction over TCL.  Therefore, the Court should dismiss all claims asserted by Plaintiff against TCL.

---

[21]     *Genetic Implant Systems, Inc., v. Core-Vent Corp.,* 123 F.3d 1455, 1458 (Fed. Cir. 1997); *The Akro Corp. v. Luker,* 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).
[22]     *See* Ex. A, Wong Decl. at ¶ 3.
[23]     *See id.* at ¶¶ 4-5, 7-9.
[24]     *See Dickson Marine Inc. v. Panalpina, Inc.,* 179 F.3d 331,338 (5th Cir. 1999); *Felch,* 92 F.3d at 324 (holding that because the events giving rise to the cause of action, the result, and the purported negligence, occurred in Mexico, it "preclude[d] a finding that the instant litigation resulted from injuries arising out of or related to contacts between [defendant] and Texas").
[25]     *See, e.g., Marathon Oil,* 182 F.3d at 294-95.

## IV. PRAYER

For these reasons, TCL asks the Court to set this 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction for a hearing and, after the hearing, sustain this Motion and enter a final judgment dismissing all of Plaintiff's causes of action against TCL.

Dated this 28th day of September, 2005.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE L.L.P.
Robert A. Cote
*Pro Hac Vice* Application Pending
Rodger A. Sadler
*Pro Hac Vice* Application Pending
666 Fifth Avenue
New York, NY 10103
(212) 506-5000 (tel)
(212) 506-5151 (fax)

DIAMOND MCCARTHY TAYLOR FINLEY BRYANT & LEE LLP
William T. Reid IV
SBN 00788817
P. Jason Collins
SBN 24040711
(512) 617-5200 (tel)
(512) 617-5299 (fax)

**ATTORNEYS FOR DEFENDANT
TCL COMMUNICATION TECHNOLOGY HOLDINGS, LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been

served upon all counsel of record set forth below and the original upon the Clerk of Court

on this the 28th day of September, 2005.

CERTIFIED MAIL
Michael W. Shore
Alfonso Garcia Chan
Shore Chan LLP
Republic Center
325 North St. Paul Street, Ste. 4400
Dallas, TX 75201

INTERNATIONAL AIRMAIL
Mr. Owen Chen, President
Arima Communication Corp.
6F, No. 886, Thong-Jheng Road
Jhong-He City, Taipei County, TAIWAN

CERTIFIED MAIL
Edwin Smith, Esq.
The University of Texas System
Office of General Counsel
201 West 7th Street, 6th Floor
Austin, TX 78701

FIRST CLASS MAIL
W. Wade Porter
Alensworth & Porter, LLP
620 Congress Avenue, Suite 100
Austin, TX 78701

Attorney for Audiovox Communications Corp.

INTERNATIONAL AIRMAIL
Mr. Serge Tchuruk
Chairman & CEO
Alcatel
54, rue La Boetie
75008 Paris
FRANCE

INTERNATIONAL AIRMAIL
Mr. Calvin Chih, President
Chi Mci Communication Systems, Inc.
11F, No. 39, Chung Hwa Road, Sec. 1
Taipei 100, TAIWAN

FIRST CLASS MAIL
Mr. Michael Quigley, CEO
Alcatel USA, Inc.
3400 West Piano Parkway
Plano, TX 75075

INTERNATIONAL AIRMAIL
Mr. Ray Chen, President & CEO
Compal Communications, Inc
3rd FL, No. 319, Sec. 4 Pa-Teh Rd.
Taipei, (105) TAIWAN

FIRST CLASS MAIL
Mr. Yanlong Huang - President
AmOi Electronics, Inc.
17588 Rowland Street, Suite A106
City of Industry, CA 91748

INTERNATIONAL AIRMAIL
Mr. Moon S. Song, CEO
Curitel Communications, Inc.
Peungwha Seocho Building 1451-34
Seocho-Go, Seoul 137-070
KOREA

INTERNATIONAL AIRMAIL
President & CEO
AnexTEK Global, Inc.
16F, No. 82, Sec., HsinTai WuRd.
Ilsichih, Taipei Hsien
TAIWAN

INTERNATIONAL AIRMAIL
Mr. Steve Carroll, CEO
Gizmondo Europe, Ltd.
I Meadow Gate Avenue
Famborough Business Park
Famborough, GUI46FG
UNITED KINGDOM

FIRST CLASS MAIL
Mr. Michael Jemal, President
Haier America Import L.L.C.
1356 Broadway
New York, NY 10018

INTERNATIONAL AIRMAIL
Mr. Tai-Ming Gou, CEO
Hon Hai Precision Industry Co., Ltd.
2 Tzu Yu 81.
Tu-Cheng City, Taipei, TAIWAN

FIRST CLASS MAIL
Ramya Ravindran
Jared E. Hedman
Linda S. Resh
Craig D. Leavell
Kirkland & Ellis
200 E. Randolph Drive
Chicago, IL 60601

Attorneys for Research in Motion Ltd.

INTERNATIONAL AIRMAIL
Mr. Michael Lazardis
President, Co-CEO and Director
Research in Motion Limited
295 Philip Street
Waterloo, Ontario N2L 328
CANADA

FIRST CLASS MAIL
Mr. James Balsillie, President
Research in Motion Corp.
25227 Grogan Mill Road, Suite 125
The Woodlands, TX 77380

INTERNATIONAL AIRMAIL
Mr. Katsuhiko Machida, President
Shaip Corporation, ak.a.
Sharp Kabushiki Kaisha
22-22 Nagaike-cho
Abeno-ku, Osaka 545-8522
JAPAN

FIRST CLASS MAIL
Mr. Robert Huang President, CEO & Director
Synnex Corp.
44201 Nobel Drive
Fremont, CA 94538

INTERNATIONAL AIRMAIL
Mr. Zhang Ruimin, CEO
HaierGroup Co.
I Haier Road, Hi-Tech Zone
Qingdao, Shandong 266101
CHINA

FIRST CLASS MAIL
Mr. Michael W. Carrender, CEO
Tiger Telematics, Inc.
10201 Centurion Parkway North, Suite 600
Jacksonville, FL 32256

INTERNATIONAL AIRMAIL
Yi, Cheol Sang, President YK Corporation
67 Jije-dong Pyongtaek-City
Kyonggi-do 450-090
REPUBLIC OF KOREA

FIRST CLASS MAIL
Mr. Chul Won Seung, President
VK Mobile USA, Inc.
9 Executive Cr., Suite 290
Irvine, CA 92614

FIRST CLASS MAIL
Mr. Hideo Ito, Chief Executive Officer
Toshiba America, Inc.
1251 Avenue of the Americas
41st Floor
New York,NY 10020

FIRST CLASS MAIL
Mr. Takeaki Fukuyama, President & CEO
Toshiba America Electronic Components, Inc.
19900 MacArthur Blvd., Suite 400
Irvine, CA 92612

FIRST CLASS MAIL
Mr. Richard A. Rohan
Mr. John Steven Torkelson
Carrington, Coleman, Sloman & Blumenthal, LLP
200 Crescent Court, Ste. 1500
Dallas, TX 75201

Attorneys for Haier America Import LLC and
Haier America Trading LLC

FIRST CLASS MAIL
Mr. Hong Liang Lu, CEO
UTStarcom, Inc.
1275 Harbor Bay Parkway
Alameda, CA  94502

_____
                P. Jason Collins

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE<br>UNIVERSITY OF TEXAS SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL,<br>ALCATEL USA, INC.,<br>AMOI ELECTRONICS, INC.,<br>ARIMA COMMUNICATION CORP.,<br>ARIMA COMPUTER (TEXAS) CORP.,<br>AUDIOVOX CORP.,<br>CURITEL COMMUNICATIONS, INC.,<br>GIZMONDO EUROPE, LTD.,<br>HAIER GROUP CO.,<br>HAIER AMERICA IMPORT, L.L.C.,<br>HAIER AMERICA TRADING L.L.C.,<br>HON HAI PRECISION INDUSTRY<br>CO. LTD., d/b/a CHI MEI<br>COMMUNICATION SYSTEMS, INC.,<br>RESEARCH IN MOTION LIMITED,<br>RESEARCH IN MOTION CORP.,<br>SHARP CORPORATION, a.k.a. SHARP<br>KABUSHIKI KAISHA, SYNNEX<br>CORP.,<br>TCL COMMUNICATION<br>TECHNOLOGY HOLDINGS LIMITED,<br>TCL & ALCATEL MOBILE PHONES<br>LIMITED,<br>TIGER TELEMATICS, INC.,<br>VK CORPORATION, AND<br>VK MOBILE USA, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.:  A-05-CA-198 SS<br><br><br><br><br><br>JURY DEMANDED |

**DECLARATION OF CHAMBERS WONG IN SUPPORT OF TCL'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Declaration of Chambers Wong



I, Chambers Wong, hereby declare:

1.    I am the Executive Director of TCL Communication Technology Holdings Limited ("TCL"). I have been employed by TCL since March 2004. I make this declaration based on my personal knowledge in support of TCL's Motion to Dismiss for Lack of Personal Jurisdiction.

2.    TCL is a Cayman Islands corporation having its principal place of business at Room 1502, Tower 6, China Hong Kong City, 33 Canton Road, Tsimshatsui, Kowloon, Hong Kong. TCL has no offices in the United States.

3.    TCL does not conduct business within the State of Texas, nor has it ever conducted business in the State of Texas.

4.    TCL has no offices or regular place of business in the State of Texas.

5.    TCL has no employees, property, or agents for service of process in Texas.

6.    TCL has never offered to sell or sold the accused phones identified in the Complaint in the United States, including the "One Touch 332" and the "One Touch 756."

7.    TCL does not, make, use, sell, offer to sell, or import any products in or into the United States, including the State of Texas.

8.    TCL has not made, used, sold, offered to sell, or imported any products in or into the United States, including the State of Texas.

9.    TCL does not advertise or promote its products or services in the State of Texas.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Dated: September 28, 2005

Chambers Wong

Declaration of Chambers Wong